UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JAMA HALL, | No. 2:26-cv-00259-DJC-SCR |
| Plaintiffs, | |
| v. | ORDER TO SHOW CAUSE |
| SACRAMENTO COUNTY DEPARTMENT OF CHILD PROTECTIVE SERVICES, et al., | |
| Defendants. | |

Plaintiff is proceeding pro se, and this matter is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On January 30, 2026, Plaintiff filed a complaint and a motion for leave to proceed in forma pauperis ("IFP"). ECF Nos. 1 & 2. Plaintiff has submitted the affidavit required by the IFP statute (28 U.S.C. § 1915(a)(1)), and avers he is unable to pay the cost of these proceedings. The motion to proceed IFP (ECF No. 2) is therefore GRANTED.

As Plaintiff is proceeding pro se, the Court must screen the complaint pursuant to 28 U.S.C. § 1915(e), and the Court "shall dismiss" an action if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. The Court has conducted a preliminary review of the complaint, and it appears that Plaintiff is attempting to assert largely the same claims that he

1

has pursued in two prior federal lawsuits.  Additionally, it appears that the claims currently asserted are barred by the applicable statute of limitations.  Accordingly, the Court hereby directs the Plaintiff to show cause why the Court should not recommend that the action be dismissed as barred by the applicable statute of limitations and/or precluded by the doctrine of res judicata.

## I.      Plaintiff's Prior Actions

Plaintiff has filed two prior actions against child protective services ("CPS") and others that appear to raise the same or similar allegations.

### A.  Hall v. Department of Health and Human Services, et al., 2:13-cv-01152-JAM-DAD

In this action, Plaintiff named two defendants: 1) Department of Health and Human Services; and 2) CPS.  Plaintiff initiated the action on a petition for writ of habeas corpus form, and alleged that in March 2011, his minor children had been improperly seized.  ECF No. 1 at 3. Magistrate Judge Drozd issued Findings and Recommendations (F&R) finding that the Court "lacks subject matter jurisdiction over the family law proceeding in state court and the decision rendered therein which petitioner wishes to challenge."  ECF No. 8 at 3.  The F&R was adopted and the action dismissed.  ECF No. 15.

### B.  Hall v. California Department of Social Services, et al., 2:14-cv-00745-KJM-EFB

In this action, Plaintiff named as defendants the Department of Social Services, the Department of Health and Human Services, and about ten individual defendants, most of whom worked for CPS.  The complaint alleged that Plaintiff's minor children were seized in 2011.  ECF No. 1 at 6.  Plaintiff also complained of events occurring in February 2012.  *Id*.  Plaintiff alleged violation of 42 U.S.C. § 1983 and alleged conspiracy under § 1985.  *Id*. at 17-20.  After screening, Plaintiff did not timely file an amended complaint, and the action was dismissed.  ECF Nos. 16 & 17.  Plaintiff then filed numerous post-judgment motions, and appealed the denial of one of those motions.  ECF No. 42.  The Ninth Circuit summarily affirmed, finding the issues raised on appeal to be "so insubstantial as not to require further argument."  ECF No. 47.

## II.     The Complaint

Plaintiff's current complaint names Sacramento County Department of Child Protective

2

Services and eight individuals. These individual defendants are alleged to work for CPS or the Sacramento County juvenile court. ECF No. 1 at 7. Seven of the eight individual defendants named in this action were named in the prior 2014 lawsuit. Plaintiff again alleges, as he did in the prior actions, that his minor children were unlawfully seized. *Id*. at 8. Plaintiff alleges this occurred on or about March 15, 2011. *Id.* Plaintiff again bases his claims on violation of § 1983 and § 1985. *Id*. at 13-15. Plaintiff also alleges violation of state law. However, his state law claims are inadequately pled as his "third cause of action," which mentions four separate state law claims (negligence, fraud, coercion, and IIED) and states in its entirety: "Defendants' misrepresentations, coercion, and negligence cause emotional distress, harm to minors, and financial damages, consistent with California civil law." *Id.* at 15.

Plaintiff appears to allege injury to his children and lists as plaintiffs himself and two minor children. A pro se plaintiff cannot represent others pro se, even minor children. *See Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("[W]e hold that a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer.").

### III.    Res Judicata and Statute of Limitations

A.    <u>Res Judicata</u> - The doctrine of res judicata provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action. *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003). The doctrine of res judicata, also known as claim preclusion, is applicable when there is (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). When the doctrine applies, it "'bar(s) all grounds for recovery which could have been asserted, whether they were or not in a prior suit between the same parties[.]" *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) (*quoting Ross v. IBEW*, 634 F.2d 453, 457 (9th Cir. 1980)). In addressing whether res judicata applies, the court evaluates whether the claims asserted "arise out of the same transactional nucleus of facts" as the prior action. *See id.* at 1202 (quoting *Harris v. Jacobs*, 621 F.2d 341, 343 (9th Cir. 1980)). A court may sua sponte dismiss an action based on the doctrine of res judicata, even though the doctrine is normally raised as an affirmative defense. *Arizona v. California*, 530 U.S. 392, 412 (2000).

Plaintiff appears to be bringing largely the same claims concerning separation from his minor children in 2011, against largely the same defendants, and the prior 2014 action resulted in a final judgment that was affirmed on appeal.  The dismissal in the 2014 action was pursuant to Rule 41(b), and such a dismissal, subject to limited exceptions not at issue here, "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).  Plaintiff will be given the opportunity to show cause why claim preclusion/res judicata principles should not apply to bar this action in whole or in part.

B.  Statute of Limitations – To the extent Plaintiff's claims are not precluded, they appear to be time-barred.  "All § 1983 suits must be brought within a State's statute of limitations for personal-injury actions." *Nance v. Ward*, 597 U.S. 159, 174 (2022).  In California, the statute of limitations for a § 1983 action is two years.  *See Holt v. County of Orange*, 91 F.4th 1013, 1018 (9th Cir. 2024).  Plaintiff has alleged in this lawsuit, and in the two prior actions, that the unlawful separation from his children occurred in 2011.  Plaintiff did not file this action until fourteen years later.

Plaintiff has also made a conclusory assertion of state law claims.  "Under California law, there is a two-year statute of limitations for intentional infliction of emotional distress claims." *Soliman v. CVS RX Serv., Inc.*, 570 F.App'x 710, 711 (9th Cir. 2014), citing Cal. Code Civ. Proc. § 335.1.  Plaintiff's claim for negligence would also be subject to a two-year period of limitations. *Rae v. Bank of America*, 727 F.App'x 380 (9th Cir. 2018), citing Cal. Code Civ. Proc. § 335.1. The statute of limitations for fraud in California is generally three years. *Britton v. Girardi*, 235 Cal.App.4th 721, 733-34 (Cal. Ct. App. 2015), citing Cal. Code Civ. Proc. § 338.  It appears from the face of the complaint that Plaintiff's federal and state law claims are time-barred.  Plaintiff has not alleged an exception to the statute of limitations or alleged facts demonstrating that tolling applies.

Good cause appearing, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's motion to proceed IFP (ECF No. 2) is GRANTED.

2.  **Plaintiff shall show cause, in writing, within 21 days of the date of this Order**, why the Court should not recommend dismissal based on the statute of limitations and claim preclusion.  Plaintiff shall file a brief, not to exceed 10 pages, addressing the

4

issues raised herein.  If Plaintiff fails to respond, the court will recommend dismissal of this case.

3. Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

SO ORDERED.

DATED: February 10, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

5