UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY JAMA HALL,

      Plaintiff,

      v.

SACRAMENTO COUNTY
DEPARTMENT OF CHILD
PROTECTIVE SERVICES, et al.,

      Defendants.

No. 2:26-cv-00259-DJC-SCR

FINDINGS AND RECOMMENDATIONS

Plaintiff is proceeding pro se, and this matter is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  On January 30, 2026, Plaintiff filed a complaint and a motion for leave to proceed in forma pauperis ("IFP").  ECF Nos. 1 & 2.  The Court granted the motion for IFP and issued an Order to Show Cause ("OSC") why the action should not be dismissed "as barred by the applicable statute of limitations and/or precluded by the doctrine of res judicata."  ECF No. 3 at 2.  Plaintiff has filed a response (ECF No. 4) that is now before the Court.  Having considered the response, the Court now recommends that this action be dismissed for the reasons set forth herein and in the prior OSC.

Plaintiff's response argues that he is asserting a continuing violation of his rights.  ECF No. 4 at 2.  Plaintiff contends that his prior actions did involve the 2011 and 2012 seizure of his

1

minor children, but that the instant complaint addresses ongoing violations. *Id*. at 3. Plaintiff contends that the continuing violations are "Defendants' ongoing reliance on false CPS reports, enforcement of dependency orders, and obstruction of reunification." *Id*. at 4.

Plaintiff's complaint states that he seeks redress for the unlawful seizure and abduction of his minor children. ECF No. 1 at ¶ 2. Plaintiff alleges this seizure occurred in March 2011. *Id.* at ¶ 31. Plaintiff makes a conclusory assertion that "subsequent actions … repeatedly obstructed reunification." *Id.* at ¶ 35. Plaintiff alleges that he continues to suffer harm from the disruption of his familial relationship. *Id.* at 48. Counts I and II of the complaint allege that Plaintiff was deprived of due process when his children were taken away. *Id.* at ¶¶ 60-67.

Thus, the alleged injury occurred when Plaintiff was separated from his children in 2011 or 2012. Plaintiff's allegation that he continues to suffer harm from this injury does not extend the statute of limitations. *See Garcia v. Brockway*, 526 F.3d 456, 462 (9th Cir. 2008) (a "continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation") (citation omitted); *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (A "mere continuing impact from past violations is not actionable" if the violations lie outside the statute of limitations period) (citation omitted). Plaintiff's case is analogous to *Bird v. Dep't of Human Servs*., 935 F.3d 738 (9th Cir. 2019). Therein, Bird alleged that she was wrongfully placed on the State's child abuse registry in 2007. Bird sued in federal court in 2015. The Ninth Circuit found the continuing violation doctrine did not apply: "Although Bird's injuries resulting from the 2007 act of placing her on the [registry] continue to the present day, continuing effect is insufficient to constitute a continuing violation." *Id.* at 748. Bird also alleged that she was denied post-deprivation process, but the court found she had not identified any specific instance within the limitations period where she sought and was denied post-deprivation process. *Id.* at 748-49. The Ninth Circuit found that the claim was time-barred and could not be saved by amendment, and therefore the district court did not err in denying leave to amend. *Id.* at 749.

Similarly here, Plaintiff alleges, as he has in prior lawsuits (discussed at ECF No. 3), that his minor children were unlawfully seized. ECF No. 1 at 8. Plaintiff alleges this occurred on or about March 15, 2011. *Id.* Plaintiff asserts continuing effect from that seizure. Plaintiff has not

2

alleged a constitutional violation occurring within the two-year limitations period for an action under § 1983.  Accordingly, the Court finds that Plaintiff's claims are time barred and the action is subject to dismissal pursuant to 28 U.S.C. § 1915(e).

The Court has considered whether Plaintiff should be granted leave to amend, and finds that leave to amend would be futile.  In California, the statute of limitations for a § 1983 action is two years.  *See Holt v. County of Orange*, 91 F.4th 1013, 1018 (9th Cir. 2024).  Plaintiff has alleged in this lawsuit, and in the two prior actions, that the unlawful separation from his children occurred in 2011.  Plaintiff did not file this action until more than fourteen years later.  The Court allowed Plaintiff the opportunity to respond to the OSC raising the issue of statute of limitations, and Plaintiff argued the continuing violation doctrine, which the Court finds does not apply.  Accordingly, the Court finds leave to amend would be futile.  *See Bird*, 935 F.3d at 749.

**IT IS HEREBY RECOMMENDED** that:

1.  This action be dismissed with the Court finding Plaintiff's federal claims are barred by the statute of limitations and the Court declining supplemental jurisdiction over the state law claims; and

2.  The Clerk be directed to enter Judgment and close this file.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen days** after being served with these findings and recommendations, either party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

SO ORDERED.

Dated: March 19, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3